IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE KITTRELL,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 23-CV-0811 |
| BARRY SMITH, *et al.*,<br>    Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

**Kenney, J.**                                                                                                 **November 21, 2023**

      Defendants UPMC Altoona and Dr. Yaquob Tokhi ("Defendant Tokhi") (collectively, "Moving Defendants") move to dismiss all claims brought by Plaintiff Andre Kittrell ("Plaintiff") against Moving Defendants. ECF No. 35. Before this Court is Moving Defendants' Motion to Dismiss (ECF No. 35).[1] For the reasons set forth below, Moving Defendants' Motion to Dismiss is granted. An appropriate Order will follow.

**I.    PROCEDURAL BACKGROUND**

      Plaintiff, a prisoner currently housed at SCI Chester, filed a *pro se* Complaint raising constitutional claims pursuant to 42 U.S.C. § 1983 based on alleged deliberate indifference and claims of medical malpractice related to a ruptured knee ligament and rectal bleeding. ECF No. 2. Plaintiff named 42 defendants in his Complaint, against many of whom he made no substantive allegations. On April 28, 2023, the Court dismissed with prejudice all claims against numerous defendants,[2] leaving the following claims as to Plaintiff's knee injury only: (1) the § 1983

---

[1] Plaintiff has not filed an Opposition in Response to the Motion. Plaintiff's filing at ECF No. 46 appears to be a response to Defendants Jamie Oliver and Terri Sechrengost's (collectively "Commonwealth Defendants") Answer at ECF No. 36.

[2] Claims against the following defendants were dismissed: Superintendent Barry Smith, Jeff Mease, Muhammad Naji, April Gardner, Hnatkovich / S. Hnatkovich, J Altemus, M Lvicic, Kerri Moore, "D Varner," P.A. Austin, P.A. Tori, P.A. Jane Doe, Dancha, C/O Smith, Dr. James Angelo

deliberate indifference claims asserted against Lt. Oliver, PA Nicholson, Dr. Little, Wellpath, Terry Sechrengost, Dr. Bader, UPMC Altoona, and Dr. Tokhi; and (2) the negligence or medical malpractice claims asserted against Defendants Sechrengost, Nicholson, Dr. Little, Wellpath, Dr. Bader, UPMC Altoona, and Dr. Tokhi. ECF No. 6 at 28; ECF No. 7.[3]

As such, the claims relevant to the Moving Defendants of this Motion to Dismiss are (1) the § 1983 deliberate indifference claims asserted against Defendants UPMC Altoona and Tokhi that relate to Plaintiff's knee condition; and (2) the medical malpractice claims asserted against Defendants UPMC Altoona and Tokhi that relate to Plaintiff's knee condition.

## II.    FACTUAL ALLEGATIONS

Plaintiff alleges that his knee injury has been ignored, misdiagnosed, or inadequately addressed after he entered the Pennsylvania prison system in May 2021 having been diagnosed with a ruptured anterior cruciate ligament (ACL). ECF No. 2 at 13. Relevant to the claims in Moving Defendants' Motion to Dismiss, Plaintiff alleges that on September 27, 2021, he was taken to UPMC Altoona where he received an MRI of his left knee. ECF No. 2 at 18. Plaintiff alleges that Defendant Tokhi read the results of the MRI as normal on November 28, 2021. *Id*. As Moving

---

Costanzo, Dr. Yucha, Crozier Medical Center, Robert Zekonis, C/O Rivera, Dr. Hummer, Dr. Lutz, CHCA Favoloro, M Quinn, Alicia Ross, MRA Ms Birch, K Eason, Lackawana County Ultra Sound, G Clark, Holli Ike, BHBCS Bureau of Health Care Services, and Department of Corrections. ECF No. 7 ¶ 5. The Court dismissed the claims against former Secretary Wetzel and Acting Secretary George Little without prejudice to file an amended complaint within 30 days of the order. *Id*. ¶ 8. Plaintiff did not attempt to file an amended complaint that contained additional facts related to Defendants Secretary Wetzel and Acting Secretary George Little.

[3] The Court's April 28, 2023 Order stated the following: "If Kittrell does not file an amended complaint the Court will direct service of his initial Complaint alleging: (1) § 1983 deliberate indifference claims asserted against Lt. Oliver, PA Nicholson, Dr. Little, Wellpath, Terry Sechrengost, Dr. Bader, UPMC Altoona, and Dr. Tokhi; and (2) negligence or medical malpractice claims asserted against Sechrengost, Dr. Bader, UPMC Altoona, and Dr. Tokhi for a responsible pleading by those Defendants and on those claims based on his knee injury **ONLY**." ECF No. 7 ¶ 9.

Defendants note in their brief, Plaintiff does not plead any further facts regarding any interactions with Defendant Tokhi or any other UPMC Altoona personnel. *See* ECF No. 35 at 6. Plaintiff alleges that various other medical providers also told Plaintiff that the same MRI of his left knee was normal: on October 14, 2021, P.A. Austin told Plaintiff that the MRI was normal and on October 19, 2021, Dr. Naji reported that the MRI was normal. ECF No. 2 at 18. Further, Plaintiff alleges that Defendant Bader also reviewed Plaintiff's MRI results, and that based on reading that the MRI was normal, found that there was no need for Plaintiff to be seen by Defendant Bader again. *Id.* at 18-19. Plaintiff alleges that he complained to Dr. Paul Little of Wellpath about the "constant misdiagnosis of these MRIs by Radiologists." *Id*. at 30.

### III. STANDARD OF REVIEW

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

## IV. DISCUSSION

### A. Deliberate Indifference Claim

At issue in this motion are Plaintiff's § 1983 deliberate indifference claims asserted against Defendants UPMC Altoona and Tokhi that relate to Plaintiff's knee condition.

#### i. Defendant UPMC Altoona

The Third Circuit has held that "a private health company providing service to inmates cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (internal quotation marks omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)). As such, for UPMC Altoona to be liable, Plaintiff must "provide evidence that there was a relevant [UPMC Altoona] policy or custom, and that the policy caused the constitutional violation [Plaintiff] allege[s]." *Natale*, 318 F.3d at 584. Plaintiff appears to name UPMC Altoona as a defendant because it employs Defendant Tokhi. However, Plaintiff does not tie any alleged constitutional violations to a policy or custom of UPMC Altoona. Accordingly, the Court dismisses Plaintiff's § 1983 claim against UPMC Altoona.

#### ii. Defendant Tokhi

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to the prisoner's serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see also Baumgardner v. Ebbert*, 535 F. App'x 72, 75 (3d Cir. 2013).[4] "A medical need is serious, . . . if it is one that has

---

[4] The standard under the Eighth Amendment for convicted prisoners and under the Fourteenth Amendment for pretrial detainees is essentially the same for purposes of this analysis and courts

4

been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted); *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (holding that a serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death"). Here, Plaintiff's knee injury involving a torn ACL is a serious medical need. *See Romero v. Ahsan*, 827 F. App'x 222, 226 (3d Cir. 2020) ("[I]t is clear that [Plaintiff']s injury—involving a torn anterior cruciate ligament (ACL), meniscal tear, and other knee damage—constituted a serious medical condition that was diagnosed by a physician as requiring treatment.") (internal quotation marks omitted).

As such, the Court's inquiry turns to whether Plaintiff has properly alleged deliberate indifference of this serious medical need. Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he deliberate indifference standard affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical

---

will cite cases applying either amendment. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

problems of inmate patients," and as such, a court "must disavow any attempt to second-guess the propriety or adequacy of [their] particular course of treatment so long as it "remains a question of sound professional judgment." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017) (internal quotation marks omitted). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Court finds that, on the face of the Complaint, Plaintiff has alleged mere disagreement with Defendant Tokhi's reading of the MRI. Plaintiff alleges that Defendant Tokhi read the results of Plaintiff's MRI as normal on November 28, 2021 without alleging any additional facts regarding any interactions with Defendant Tokhi. ECF No. 2 at 18. Plaintiff fails to plead the state of mind required for a claim of deliberate indifference. As Moving Defendants note, Plaintiff has not alleged that Defendant Tokhi was actually aware of a torn ACL at any time, or that Defendant Tokhi acted with a knowing disregard to Plaintiff's health or safety when formulating his opinion. ECF No. 35 at 11. Plaintiff does not allege any facts to support that Defendant Tokhi (1) knew of a need for medical treatment but intentionally refused to provide it; (2) delayed necessary medical treatment based on a non-medical reason; or (3) prevented Plaintiff from receiving necessary medical treatment. *See Rouse,* 182 F.3d at 197.

The Court agrees with Moving Defendants that, at worst, Plaintiff's allegation of an inaccurate MRI interpretation amounts to medical malpractice, which is not actionable under the Eighth Amendment. ECF No. 35 at 11 (citing *Stewart v. Pa. Dep't of Corr,*, 677 Fed. App'x 816, 820 (3d. Cir. 2017) ("[A] diagnostic failure, at worst, amounts to medical malpractice, which is not actionable under the Eighth Amendment."). "[M]edical negligence without accompanying

6

deliberate indifference does not rise to the level of a constitutional violation." *Ryle v. Fuh*, 820 F. App'x 121, 123 (3d Cir. 2020); *see also Pearson*, 850 F.3d at 538 ("[E]ven if a reasonable jury could find that [the defendant] was negligent in diagnosing or treating [the plaintiff's] pain, that would not be enough for the jury to find that [the defendant] acted with deliberate indifference in violation of the Eighth Amendment.").

Accordingly, the Court dismisses Plaintiff's § 1983 claims against Defendants UPMC Altoona and Tokhi.

### B. Medical malpractice claim

Pennsylvania Rule of Civil Procedure 1042.3 requires that a plaintiff bringing a claim of medical malpractice or medical negligence file a certificate of merit within 60 days after filing the complaint. Pa.R.C.P. No. 1042.3.

> The certificate must attest to the colorable merit of the claim by including one of the following statements: (1) that 'an appropriate licensed professional' has supplied a written statement that there is a reasonable probability that the defendant's conduct fell outside acceptable professional standards; (2) that the claim against the defendant is based solely on allegations against other professionals for whom the defendant is responsible; or (3) that expert testimony is unnecessary for prosecution of the claim.

*Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008). Rule 1042.3 is a substantive state law that applies in federal courts, to both represented plaintiffs and *pro se* plaintiffs. *Id.* Though failure to comply with Rule 1042.3 is not fatal if a plaintiff can show a "reasonable excuse" for the noncompliance (*id.*), an inmate's lack of access to their medical records and files is not a sufficient excuse for failing to file a certificate of merit. *Baumgardner*, 535 F. App'x at 77 n.5.

Here, Plaintiff commenced this action on March 1, 2023. The 60-day period for the filing of the certificate of merit or a motion for an extension expired on May 1, 2023. The case was placed in suspense on June 16, 2023, and ultimately removed from suspense on August 8, 2023, after which Plaintiff requested an extension of time to file a certificate of merit in a motion that

was filed on August 24, 2023. ECF No. 32.[5] The Court granted Plaintiff's motion, extending the deadline to file a certificate of merit to October 2, 2023. ECF No. 34.

Plaintiff requested a second deadline extension (ECF No. 42) which the Court granted, extending the deadline to November 1, 2023, and noting that "[n]o further deadline extensions will be granted." ECF No. 43. In that second request, Plaintiff wrote that his status as an incarcerated *pro se* plaintiff "makes the [litigation] process for plaintiff more tedious, time consuming, and difficult" due to the following: limited library access, limited recreational time during which Plaintiff could contact physicians and organizations assisting Plaintiff, prison lockdowns, limited access to phone calls, and slow mail delivery process. ECF No. 42 at 1-4. Plaintiff further wrote that he was in correspondence with the Medical Justice Alliance through the Legal Eagles organization, and that "it will take several weeks to pair plaintiff's case with the appropriate physician (orthopedic)." *Id.* at 4. Plaintiff attached an email message from Legal Eagles which states that Plaintiff had submitted a case request for review to medicaljusticealliance.org. *Id.* at 7. Plaintiff wrote that he was waiting for medical documentation from the prison's medical department, and that he was waiting to receive funds from his family to pay for the medical documents. *Id.* at 4. A form that Plaintiff attached to the motion shows that Plaintiff did not submit a "release of information form" to obtain medical documentation until August 18, 2023—well after the original May 1, 2023 deadline. *Id.* at 13.

Plaintiff requested a third deadline extension in a motion filed on November 2, 2023. ECF No. 49. In that request, Plaintiff stated that he received his medical records on October 5, 2023,

---

[5] The Court notes that attached to the August 24, 2023 motion was Plaintiff's Answer to Defendants Little, Dancha, Naji, Nicholson, and Wellpath's Motion to Dismiss—not a document with supporting arguments or information regarding Plaintiff's request for a deadline extension.

but that he was not able to make copies of documents due to copying costs and a change in the library copying system. *Id.* at 2. In the same motion, Plaintiff requested that the Court compel an MRI. *Id.* at 3. Plaintiff attached a form in which he requested an MRI of his knee to which the Corrections Health Care Administrator responded that only a medical provider could authorize such a test. *Id.* at 11. The Court denied the motion, having already granted Plaintiff two deadline extensions to file a certificate of merit. ECF No. 50.

Plaintiff's status as an incarcerated and *pro se* litigant, and difficulties that may come with such a status, do not eliminate the requirements of Rule 1042.3. *See Perez v. Griffin*, No. 1:06-CV-1468, 2008 WL 2383072 at *3 (M.D. Pa. June 9, 2008), *aff'd*, 304 F. App'x 72 (3d Cir. 2008) (affirming district court's granting of motion for judgment on the pleadings after incarcerated plaintiff failed to file a certificate of merit); *see also Koukos v. Chester Cnty.*, No. CV 16-4602, 2017 WL 549150, at *4 (E.D. Pa. Feb. 7, 2017) ("It is well established that the requirement [of Rule 1042.3] applies to inmates who receive medical care while incarcerated.") (citing cases).

Similar to Plaintiff here, the incarcerated plaintiff in *Zierke v. United States* failed to file a certificate of merit and argued that "he is 'incarcerated' and 'is locked down 23 hrs a day and is unable to locate a licensed liver expert, nor can he get assistance from BOP medical staff, who are at the core of this law suit, and [he] cannot simply forge a doctor's name.'" No. 3:CV-15-0264, 2016 WL 862788, at *7 (M.D. Pa. Mar. 7, 2016) (citing Brief in Opposition at 7). The court there found the plaintiff's argument without merit, reasoning that the Certificate of Merit requirement applies to all plaintiffs, including *pro se* and incarcerated plaintiffs, and dismissed the plaintiff's medical negligence claim. *Id.* Here, Plaintiff did not file the required certificate of merit, nor has he provided a reasonable excuse for the noncompliance.

Accordingly, the Court dismisses Plaintiff's medical malpractice claims against Defendants UPMC Altoona and Tokhi.

## IV. CONCLUSION

For the foregoing reasons, Moving Defendants' Motion to Dismiss will be granted. A separate Order will be issued.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**